

# Fourth Court of Appeals
## San Antonio, Texas

May 3, 2017

No. 04-16-00670-CR

Noe **CONTRERAS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 79th Judicial District Court, Jim Wells County, Texas
Trial Court No. 15-08-14189-CR
Honorable Richard C. Terrell, Judge Presiding

# O R D E R

Pursuant to a plea bargain agreement entitled Plea Memorandum, appellant Noe Contreras pled guilty to two counts of indecency with a child. Section 12 of the Plea Memorandum is entitled "Waiver of Right to Motion for New Trial and Appeal" and reads:

> Having been informed of whatever right to pursue a motion for new trial and appeal may exist, and having agreed to waive those rights, and after having consulted with my attorney, I hereby voluntarily, knowingly and intelligently waive those rights.

The trial court imposed a sentence in accordance with the agreement and signed a certificate stating, "the defendant has waived the right of appeal." *See* TEX. R. APP. P. 25.2(a)(2). Appellant timely filed a notice of appeal. The clerk's record, which includes the trial court's rule 25.2(a)(2) certification and written plea bargain agreement, was subsequently filed in this court. *See id.* R. 25.2(d).

This court must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." *Id.* The clerk's record establishes the punishment assessed by the court in this case does not exceed the punishment recommended by the prosecutor and agreed to by the defendant. *See id.* R. 25.2(a)(2). The record also appears to

support the trial court's certification that states appellant has waived his right of appeal.[1] *See Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005) (holding that court of appeals should review clerk's record to determine whether trial court's certification is accurate).

Appellant is hereby given notice that this appeal will be dismissed pursuant to rule 25.2(d) of the Texas Rules of Appellate Procedure unless an amended certification showing that appellant has the right to appeal in this case is made part of the appellate record on or before **June 2, 2017**. *See* TEX. R. APP. P. 25.2(d); 37.1; *Daniels v. State*, 110 S.W.3d 174 (Tex. App.— San Antonio 2003, order), *disp. on merits*, No. 04-03-00176-CR, 2003 WL 21508347 (July 2, 2003, pet. ref'd) (not designated for publication).

We **order** all appellate deadlines suspended until further order of the court. We further **order** the clerk of this court to serve copies of this order on the attorneys of record and the court reporter.

Marialyn Barnard, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 3rd day of May, 2017.

Keith E. Hottle
Clerk of Court

---

[1] In addition to the certification contained in the supplemental clerk's record, the record also includes the reporter's record for the open plea and punishment phase of trial. The reporter's record reflects that during that phase, the court asked appellant whether he understood that he waived his right to appeal when he signed his initials next to Section 12 of the Plea Memorandum he signed. Appellant responded, "No, sir, I don't." The court proceeded to read section 12 to appellant and again asked whether he understood it. Appellant responded, "Yes."